**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| SUSAN H. GUY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 2:06CV271 - WKW |
| THE COLONIAL BANCGROUP, INC. ) | |
| and COLONIAL BANK, N.A., ) | DRB Magistrate Judge Assigned |
| ) | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Defendants The Colonial BancGroup, Inc. ("BancGroup")[1] and Colonial Bank, N.A., ("Colonial Bank") and answer each allegation contained in Plaintiff Susan H. Guy's ("Plaintiff") Complaint and asserts their affirmative defenses.

**ANSWER TO COMPLAINT**

Colonial Bank answers the allegations contained in Plaintiff's Complaint by denying all allegations not expressly admitted. As to each specific allegation of the Complaint, Colonial Bank states as follows:

1.   Colonial Bank admits, upon information and belief, the factual assertion set forth in Paragraph 1 of the Complaint.

2.   Colonial Bank admits the factual assertions contained in Paragraph 2 of the Complaint.

---

[1] BancGroup has filed a Motion to Dismiss contemporaneously with the filing of this Answer. BancGroup has fewer than 15 employees as defined under Title VII, BancGroup did not employ Plaintiff, and BancGroup, and the parent company of Colonial Bank, cannot be held liable for any claims against Colonial Bank. The filing of this pleading should not be construed as, nor does it constitute, an answer by BancGroup.

3. Colonial Bank admits that Plaintiff's claims are brought pursuant to Title VII, and that jurisdiction of this Court over Bank is proper; however, Bank expressly denies the validity of Plaintiff's claims and demands strict proof thereof.

4. Colonial Bank admits that Plaintiff's claims concern her termination of employment; however, Colonial denies the validity of Plaintiff's claims and demands strict proof thereof.

5. Colonial Bank admits the factual assertions contained in Paragraph 5 of the Complaint.

6. Colonial Bank admits, upon information and belief, that Plaintiff is a 46 year old female. Colonial Bank denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Colonial Bank denies the allegations contained in Paragraph 7 of the Complaint.

8. Colonial Bank denies the allegations contained in Paragraph 8 of the Complaint.

9. Colonial Bank admits that on January 18, 2005, Plaintiff's position with Colonial Bank was eliminated in connection with a restructuring of Colonial Bank's Wealth Management Department. Colonial Bank denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Colonial Bank admits that Plaintiff worked at One Commerce Street, Montgomery, Alabama 36104 during her employment. Colonial Bank denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Colonial Bank admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on April 13, 2005. Colonial Bank is without knowledge to either admit or deny the remaining allegations contained in Paragraph 11 of the Complaint, and as a result, denies same.

12. Colonial Bank denies the assertions contained in Paragraph 12 of the Complaint, and further denies that Plaintiff is entitled to recovery of back pay, or any other relief at law or in equity.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and each Count therein fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that she has failed to reasonably mitigate her claimed damages, her entitlement to which is expressly denied.

### THIRD DEFENSE

Colonial Bank pleads the general issue and states that it is not guilty of any discriminatory, tortious, or wrongful conduct.

### FOURTH DEFENSE

The challenged decisions and actions taken with respect to Plaintiff were based on legitimate, nondiscriminatory reasons that are not a pretext for discrimination.

### FIFTH DEFENSE

Plaintiff's claims, or some of them, may be barred by estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent that she unreasonably failed to avail herself of Colonial Bank's internal procedure for reporting alleged discriminatory conduct.

### SEVENTH DEFENSE

To the extent that Plaintiff may seek punitive damages, Colonial Bank denies that she is

entitled to recover punitive damages because:

  A. An award of punitive damages in this case against Colonial Bank would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

  B. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Colonial Bank to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

  C. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Colonial Bank is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

  D. Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

  E. Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

  F. Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life,

liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

G.  Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff, which is less than the "reasonable doubt" standard applicable in a criminal case.

H.  Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

I.  The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

J.  Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

K.  Plaintiff's claims for punitive damages are barred by the provisions of Code of Alabama § 6-11-20 *et seq.* (1975).

**EIGHTH DEFENSE**

Even if gender was a factor in the alleged adverse employment action(s), which it was not, the same decision(s) would have been made without regard to such a factor.

### NINTH DEFENSE

Even if age was a factor in the allege adverse employment action(s), which it was not, the same decision(s) would have been made without regard to such a factor.

### TENTH DEFENSE

Colonial Bank has legitimate nondiscriminatory reasons for its actions with respect to Plaintiff's employment.

### ELEVENTH DEFENSE

Any allegation or averment of Plaintiff's Complaint not expressly admitted is hereby denied.

### TWELFTH DEFENSE

Colonial Bank has adopted anti-discrimination policies that are comprehensive, well-known to employees, vigorously enforced, and provide alternate avenues of redress for employees. Therefore, to the extent possible, Colonial Bank may be able to rely upon the defense set forth in the companion cases of *Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998) and *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998).

### THIRTEENTH DEFENSE

Plaintiff's claims are, or may be, barred in that the Plaintiff did not sustain any damage as a proximate result of any wrongdoing by Colonial Bank.

### FOURTEENTH DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part because the claimed injuries and damages were not proximately caused by, or had any causal connection with, any acts or omissions

of Colonial Bank.

**FIFTEENTH DEFENSE**

Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were caused by the conduct of third parties, including but not limited to, the prior, intervening or superceding conduct of such third parties.

**SIXTEENTH DEFENSE**

Colonial Bank denies that Plaintiff has been damaged and demands strict proof of the damages alleged herein.

**SEVENTEENTH DEFENSE**

The alleged adverse employment action(s) by Colonial Bank were not intentionally malicious, negligent, or reckless and do not warrant the imposition of punitive and/or liquidated damages.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are or may be barred on the basis of judicial estoppel because Plaintiff may have failed to include the instant lawsuit in a Chapter 7 or Chapter 13 bankruptcy petition.

**NINETEENTH DEFENSE**

Plaintiff's claims are or may be barred pursuant to the doctrine of collateral estoppel.

**TWENTIETH DEFENSE**

Colonial Bank did not ratify any alleged intentional actions of its purported agents.

**TWENTY-FIRST DEFENSE**

Plaintiff's own actions with respect to the allegations in her Complaint make it impossible for her to recover under her claims.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are or may be barred because Plaintiff cannot satisfy the required *prima facie* case for discriminatory termination.

### TWENTY-THIRD DEFENSE

Plaintiff's claims, or some of them, are, or may be, barred by the same actor and/or the same decision-maker defense.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims, or some of them, are, or may be, affected by the after-acquired evidence rule.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims, or some of them, do or may exceed the scope of her Charge of Discrimination filed with the EEOC.

### TWENTY-SIXTH DEFENSE

At all relevant times, Colonial Bank's actions were legal, proper, reasonable, and in conformity with all applicable laws and regulations.

### TWENTY-SEVENTH DEFENSE

Plaintiff has not or may have not fulfilled the conditions precedent to the institution of this action.

### TWENTY-EIGHTH DEFENSE

Plaintiff has or may have failed to exhaust her administrative remedies.

### TWENTY-NINTH DEFENSE

Plaintiff is *in pari delicto* with Colonial Bank and thus barred from any recovery.

## THIRTIETH DEFENSE

Colonial Bank reserves the right to amend its answer.

**MILLER, HAMILTON, SNIDER & ODOM, L.L.C.**

/s/James A. Patton, Jr.
James A. Patton, Jr. (ASB-6243-T77J)
505 20th Street North
1200 Financial Center
Birmingham, Alabama 35203
Phone: (205) 226-5200

**THE COLONIAL BANCGROUP, INC., AND COLONIAL BANK, N.A.**

David B. Byrne, Jr. (ASB-0354-R69D)
General Counsel
One Commerce Street
Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing upon counsel of record via U.S. Mail:

Susan Guy, Pro Se
974 Lewis Road
Deatsville, Alabama 36022

DONE this the **18th** day of April, 2006.

                                      /s/James A. Patton, Jr.
                                            Of Counsel