IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSAN H. GUY, | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 2:06-CV-00271-WKW-DRB |
| | ) | [wo] |
| COLONIAL BANK, et al., | ) | |
|     *Defendants.* | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Susan H. Guy ("Guy") filed *pro se* this action for age and gender discrimination against Colonial Bank ("Colonial Bank") and Colonial BancGroup, Inc. ("BancGroup"). After due consideration of BancGroup's *Motion to Dismiss* (Doc. 5) and *Supplemental Motion to Dismiss* (Doc. 10), Guy's *Response* to each dismissal motion (Docs. 9, 12), and BancGroup's reply brief (Doc. 14), the Magistrate Judge recommends that each motion be denied.

**I.  BACKGROUND**

Guy, a 46 year old female, penned her employment discrimination complaint, filed March 24, 2006, on a three-page pre-printed form routinely used by plaintiffs not represented by counsel. She describes the business of the two defendants as "banking and financial services" and without distinguishing them, she quantifies their workforce as follows:

> *Approximate number of individuals employed by defendant(s)*   <u>3,000 + over 5 States</u>

Complaining that gender and age discrimination motivated her termination on January 18, 2005, Guy describes as follows the manner of her discriminatory treatment:

> On 1/18/05, without any forewarning, I was unjustly terminated and told that my job had been eliminated due to reorganization. On the same day a much younger male with less experience, and less than 1 year of employment with Colonial, was promoted to a job with the same duties I had but with a different title. This was confirmed by memo of the same date (1/18/05) to all bank presidents and senior management.

Notably, the only terminations in this reorganization were four females over the age of 40 and "all" were replaced with younger males. (*Compl.*, ¶ 9).

Guy seeks a recovery of backpay.

### B.     Dismissal Submissions

Colonial Bank responded to the Complaint with an "Answer and Affirmative Defenses" while BancGroup filed a *Motion to Dismiss,* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, premised on a single argument: *"BancGroup did not employ fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and as a result, is not covered by Title VII [of the Civil Rights Act of 1964]."*[1]  BancGroup attached to its dismissal motion the Affidavit of Tara Gibson, an Assistant Vice President at Colonial Bank ("Gibson Affidavit"), although it does not include a referenced attachment as the source for her reported conclusions that "[f]or the year 2004, Colonial BancGroup had 14 total employees who worked at any point during that year" [and] [f]or 2005, . . . no more than 14 employees for 20 or more weeks."[2]

In a *Supplemental Motion to Dismiss* filed "out of an abundance of caution," BancGroup expands the dismissal motion "to include any claims which [Guy] may have brought . . . on the basis of the Age Discrimination in Employment Act ("ADEA")".[3]  In reliance on the Gibson Affidavit,

---

[1]Though the introductory paragraph of this responsive pleading identifies both Defendants, a footnote references the contemporaneously filed Rule 12(b)(6) motion for Defendant BancGroup as well as the latter's reliance solely on the dismissal motion as its pleading in response to the Complaint. *Answer and Affirmative Defenses* at n.1 (Doc. 4).

[2]*Mot. to Dismiss* (Doc. 5), Ex. 1, ¶¶ 4,5.

[3]Without deciding that the Complaint states sufficiently a claim under either Title VII or the ADEA, judicial prudence and economy dictate that this *pro se* plaintiff's pleading be construed
(continued...)

2

BancGroup declare that during the relevant time frame, it "had less than the requisite 20 employees for coverage pursuant to the ADEA." *(Suppl. Mot.* at ¶3).

In opposition to each of BancGroup's dismissal motions, Guy attaches the published Form 10-K reports filed with the U.S. Securities & Exchange Commission by The Colonial BancGroup, Inc., for the 2004 and 2005 fiscal years, and in reliance on data reported therein, submits, in relevant part:

> [F]or the "current" year of 2005 (the year in which Colonial discriminated against Plaintiff), Defendant The Colonial Bancgroup published in its 10-K filing that "at December 31, 2004, BancGroup and its subsidiaries employed 4,607 persons. . . Likewise, for the "preceding year" of 2004, Defendant The Colonial Bancgroup published in its 10-K filing that "at December 31, 2004, BancGroup and its subsidiaries employed 4,303 persons. . . Plaintiff has relied on published information available to the general public that was filed with the SEC (Securities and Exchange Commission) by the Defendant to determine compliance with the definition of employer according to Title VII of the Civil Rights Act of 1964 [and] the Age Discrimination in Employment Act of 1967. As Colonial BancGroup is the holding company (parent) for Colonial Bank and all other subsidiaries, and management, operational resources and labor relations are common, Colonial BancGroup meets the definition of an employer as defined by the ADEA.[4]

BancGroup contends that Guy's reliance on the cited SEC Annual Reports is "misplaced", arguing in essence:

> [A] close reading of the Annual Reports clearly reflects that the statements regarding the number of persons employed by BancGroup included not only those persons employed by BancGroup, but also those persons employed by "BancGroup **and its subsidiaries**" e.g., Colonial Bank, N.A., Colonial Brokerage, Inc., etc. (Doc. no. 8) at Ex. 1. In other words, BancGroup did not employ 4,303 or 4,607 employees during 2004 and 2005, respectively. Rather, as demonstrated by the plain,

---

[3](...continued)
liberally.

[4] *Response to Motion to Dismiss* (Doc.9) at 1-2; *Response to Supplemental Motion to Dismiss* (Doc. 12) *at 1-2.*

unambiguous language of the Annual Report, BancGroup and its subsidiaries **collectively** employed over 4,000 employees during 2004 and 2005.[5]

## II.  DISCUSSION

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord*, *Swierkiewicz v. Sorema, N.A.*, 515 U.S. 506, 515 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits").

The court's Rule 12(b)(6) inquiry is limited to the complaint, documents either attached to or incorporated in the complaint, and matters of which the judge may take judicial notice. Because memoranda do not constitute pleadings, additional matters asserted in or attached to supporting or opposing submissions may not be considered on a Rule 12(b)(6) Motion. *See* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.)   Once the court accepts "matters outside the pleadings," the dismissal motion will be treated as one for summary judgment under Rule 56.[6]

---

[5] BancGroup's *Reply* (Doc.14) at 2. (*emphasis in original*).

[6] Rule 12(b) provides, in relevant part*:*
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to the court and not excluded by the court, the motion shall be treated as one for
> (continued...)

Resolution of BancGroup's dismissal motion depends on the court's analysis of matters extraneous to the complaint: (a) an affidavit attached to a supporting memorandum which in turn reports statistics and conclusions from an "attached" document which is not attached; and (b) annual reports filed by BancGroup with the SEC, and attached to the opposition memoranda. The question of whether BancGroup qualifies as an "employer" subject to actions under Title VII and the ADEA is jurisdictional and otherwise too important for this court to rely on unverified or ambiguous reports which clearly warrant construction by others and additional discovery. Accordingly, at this early stage in the proceedings, the court declines to convert BancGroup's Rule 12(b)(6) dismissal motion to a Rule 56 summary judgment motion.

Accepting Guy's factual allegations as true and drawing all reasonable inferences in her favor, the court readily finds that her allegation of defendants' 3,000-plus workforce, albeit not attributed all to BancGroup, clearly exceeds the threshold number of employees to satisfy jurisdictional prerequisites. Accordingly, Guy has demonstrated her entitlement to go forward and offer evidence on her discrimination claims, including evidence relevant to BancGroup's "employer" status under Title VII and the ADEA. BancGroup, as the movant, has failed to demonstrate beyond doubt that

---

[6](...continued)
      summary judgment and disposed of as provided in Rule 56 , and all parties given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
*See also Trustmark Ins. Co. v. ESLU, Inc.*, 299 F. 3d 1265, 1267 (11th Cir. 2002)("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion. When that conversion occurs, the district court must comply with the requirements of Rule 56. The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record.")(internal citations omitted).

Guy can prove no set of facts in support of her claim which would entitle her to relief against BancGroup as a culpable employer under these federal laws.

## III.  CONCLUSION

Based solely on the only pleading before the court, and declining to consider at all any *facts* represented in the exhibits attached to supporting and opposing memorandum, it is the Recommendation of the Magistrate Judge that each of Defendant ColonialBancgroup's Rule 12(b)(6) Motions to Dismiss (Docs. 5 and 10) be DENIED.

**It is further ORDERED** that the parties file any objections to this Recommendation not later than August 18, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 4th day of August , 2006.

             **/s/ Delores R. Boyd**
             DELORES R. BOYD
             UNITED STATES MAGISTRATE JUDGE