IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUSAN H. GUY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 2:06CV271-WKW |
| ) | |
| THE COLONIAL BANCGROUP, INC. ) | DRB Magistrate Judge Assigned |
| and COLONIAL BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
### COLONIAL BANK, N.A. AND THE COLONIAL BANCGROUP, INC.

**COME NOW** Defendants, The Colonial BancGroup, Inc. and Colonial Bank, N.A. (collectively, "Colonial") and pursuant to FED. R. CIV. P. 56(b), respectfully move this Court for summary judgment on all claims asserted by Plaintiff Susan Guy ("Plaintiff" or "Guy") because there is no genuine issue as to any material fact and because Colonial is entitled to judgment as a matter of law.

Defendants' motion is based on the pleadings filed in this action, as well as the Memorandum of Law and accompanying exhibits submitted contemporaneously herewith.

In further support of this motion, Defendant Colonial shows unto the Court as follows:

1. On April 21, 2005, Plaintiff Susan Guy filed a Charge of Discrimination (No. 130-2005-03842) with the Equal Employment Opportunity Commission (the "EEOC" or "Commission"). Charge of Discrimination, Ex. L.[1] In her Charge of Discrimination, Guy alleged that Colonial discriminated against her on the basis of sex and age when it eliminated her position as Family Insurance Manager on January 18, 2005, and terminated her employment. *Id.*

---

[1] All exhibits referred to herein are contained in a separately bound volume of exhibits submitted contemporaneously herewith in support of this motion.

1

2. On December 23, 2005, the EEOC mailed Guy's attorney a Dismissal and Notice of Rights letter informing Guy that it was closing the file on her Charge of Discrimination. *See* December 23, 2005 EEOC Dismissal and Notice of Rights Letter, Ex. F. According to this Notice, the EEOC determined based on its investigation that it was unable to conclude that the information obtained established a violation of the statutes. *Id.*

3. On March 24, 2006, Guy filed the instant action against Colonial Bank, N.A. and The Colonial BancGroup, Inc. (Doc. no. 1). In her complaint against Colonial Bank, Guy alleges that her termination on January 18, 2005 was the product of gender and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 671, *et seq*. (Doc. no. 1). In particular, Guy alleges that the elimination of her position was a pretext to conceal her discriminatory termination by Colonial; that Colonial merely re-titled her position and assigned her same job duties to a younger male employee – Sean Tesoro (age 33). *Id.* at ¶ 9.

4. On April 18, 2006, Colonial answered Guy's Complaint, wherein it denied the material allegations therein and asserted various affirmative defenses thereto. (Doc. no. 4).

5. Guy's claims against Colonial fail as a matter of law and are due to be dismissed because she cannot establish a *prima facie* case for either claim and because she cannot show that Colonial's legitimate and nondiscriminatory reasons for its actions were a pretext to discriminate against Guy based on her age or gender.

6. In particular, as set forth in detail in Colonial's summary judgment brief submitted contemporaneously herewith, Colonial eliminated Guy's position, as well as 28 other positions within the Wealth Management division, as part of a comprehensive reorganization of the division for the purpose of increasing the division's productivity and profitability. Moreover,

Sean Tesoro did not merely replace Guy and assume her former Family Insurance Manager duties; rather, her duties were subsumed into the more expansive duties of the Program Director position for which Guy lacked the objective minimum qualifications. Specifically, Guy had no brokerage experience and was not licensed by the National Association of Securities Dealers ("NASD") to sell NASD licensed products such as stocks, bonds, mutual funds and variable annuities.

7. In contrast, at the time of his promotion to the new Program Director position, Sean Tesoro held a B.A. from Yale University; he held an insurance license and several NASD licenses (Series 6, 7, and 63); and he had over 10 years of experience marketing and selling investment products to clients, including insurance, fixed-rate annuities and NASD licensed products.

8. Even assuming *arguendo* that Guy could establish a *prima facie* case under Title VII or the ADEA, Colonial's decisions to eliminate Guy's position and to appoint Sean Tesoro to the new Program Director position were based on legitimate, nondiscriminatory reasons, including Colonial's good faith business judgment that both decisions ultimately would improve the efficiency and profitability of the Wealth Management division.

9. For these reasons, as set out more fully in Colonial's accompanying summary judgment brief and exhibits thereto, Colonial is entitled to summary judgment on Plaintiff Guy's claims.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Colonial Bank, N.A. and The Colonial BancGroup, Inc. respectfully request that, pursuant to FED. R. CIV. 56(b) the Court grant summary judgment in its favor and dismiss Plaintiff Guy's Complaint and all claims therein.

Respectfully submitted,

/s/Christopher W. Weller
Christopher W. Weller (WEL030)
**CAPELL & HOWARD, P. C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

**THE COLONIAL BANCGROUP, INC. &
COLONIAL BANK, N.A.**
David B. Byrne, Jr. (ASB-0354-R69D)
General Counsel
One Commerce Street
Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon counsel of record *viá* U.S. Mail:

Susan Guy, Pro Se
974 Lewis Road
Deatsville, Alabama 36002

DONE this the 21st day of August, 2006.

/s/Christopher W. Weller
Of Counsel