# EXHIBIT J

January 18, 2005

Ms. Susan H. Guy
974 Lewis Road
Deatsville, Alabama 36022

    **Re:    Separation Agreement**

Dear Ms. Guy:

        This letter (the "Agreement"), upon your signature, will constitute the Agreement between you and The Colonial BancGroup, Inc., and its owners, stockholders, current and former agents, directors, officers, employees, parent companies, representatives, insurance carriers, attorneys, divisions, subsidiaries (including Colonial Bank, N.A.), affiliates and related companies and their predecessors, successors, heirs, executors, administrators, and assigns (collectively referred to as "Employer") concerning your separation of employment from Employer. The Agreement acknowledges the parties' desire to end their relationship on amicable terms.

1.    Your employment with Colonial will terminate on January 18, 2004, (the "Termination Date"). Colonial reserves the right to revoke its offer of severance pay at the end of the forty-five (45) day consideration period as set forth in Paragraph 7 if you have not executed the Agreement by that time.

2.    You have received or will receive by separate cover information regarding your rights to health insurance continuation and your retirement benefits. To the extent that you have such rights, nothing in this agreement will impair those rights; more specifically, you waive no rights to bring an action pursuant to 29 U.S.C. Sec. 1132(a)(1)(B) of the Employee Retirement Income Security Act or the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) related to providing eligible employees the opportunity for continuation of participation in the Colonial's group health insurance plan under certain circumstances. Furthermore, this Agreement does not affect any rights which you may have to vested benefits under any Colonial provided benefit plan.

3.    You have returned or will immediately return to Colonial any company property and any information you have about Colonial's practices, procedures, customer information, or product marketing.

4.    In consideration of your acceptance of this Agreement and compliance with its terms, Colonial will provide you with the pay outlined in Attachment A to this Agreement on the Termination Date. If you do not sign this Agreement, you will not receive any of the additional consideration outlined in Attachment A because you would not otherwise be entitled to such consideration.

5.    Unless required or otherwise permitted by law, you will not disclose to others any information regarding the following:

      a.    Any information regarding Colonial's practices, procedures, trade secrets, customer lists, or product marketing.

      b.    The terms of this Separation Agreement, the benefit being paid under it or the fact of its payment, which are confidential except that you may disclose this information to your attorney, accountant or other professional advisor to whom you must make the disclosure in order for them to render professional services to you. You will instruct them, however, to maintain the confidentiality of the information just as you must.

6. **Complete Release, Waiver of Claims and Covenant Not to Sue.**

      a.    Release and Waiver: You hereby agree to release Colonial and its predecessors, subsidiaries, related entities, officers, directors, shareholders, parent companies, agents, attorneys, employees, successors, or assigns, (hereinafter referred to as Releasees) from all claims or demands you have, may have, or may have had based on or in any way related to your employment with Releasees or the termination of that employment, or based on any previous act or omission by or on behalf of Releasees. You further agree to waive any right you may have with respect to the claims or demands from which Releasees is herewith released. This release and waiver includes any rights or claims you may have under, but not limited to, the Age Discrimination in Employment Act (ADEA), which prohibits age discrimination in employment; Title VII of the Civil Rights Acts of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion or sex (including claims of sexual harassment); 42 U.S.C. Sec.1981, which prohibits race discrimination; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Rehabilitation Act of 1973 and the Americans with Disabilities Act, which prohibit discrimination on the basis of handicap or disability; the Worker Adjustment and Retraining Notification Act (WARN), which requires employers to provide notice 60 days in advance of covered plant closings and covered mass layoffs; Family and Medical Leave Act; all state fair employment practice laws, or any other federal, state or local laws or regulations prohibiting employment discrimination, including but not limited to the Alabama Age Discrimination in Employment Act, which prohibits discrimination on the basis of age or any other federal, state or local laws or regulations prohibiting employment discrimination. This release and waiver also includes any claims for wrongful discharge, whether based on claimed violations of statutes, regulations or public policy, including any claims pursuant to Section 25-5-11.1 or Section 12-16-8.1 of the Alabama Code, or claims in contract or tort based upon your

employment and the termination thereof. This release and waiver also includes any claims that you suffered any harm by or through the actions or omissions of Releasees, including, but not limited to, claims for defamation or emotional distress.

      b.    Scope of Release/Non-release of Future Claims based on subsequent acts or omissions: The release and waiver, to which you voluntarily agree, covers all claims or demands based on any facts or events, whether known or unknown by you that occurred on or before the effective date of this release. You fully understand that if any of the facts or circumstances on which you premise your execution of this release and waiver be found, suspected or claimed hereafter to be other than or different from the facts and circumstances now believed by you to be true, you nonetheless expressly accept and assume the risk of such possible differences in fact or circumstances and agree that this release and waiver shall be and remain effective notwithstanding any such difference in any such fact or circumstances. Releasees acknowledge that you have not released any rights or claims that you may have under the Age Discrimination in Employment Act that arise after the date this release and waiver is executed.

      c.    No Future Lawsuits, Complaints or Claims (Covenant Not to Sue): You promise never to file a lawsuit, complaint or other claim asserting any claim or demand that is within the scope of the release and waiver. You acknowledge that you have no pending Workers' Compensation claims and that this release is not related in any way to any claim for Workers' Compensation benefits. You further acknowledge you know of no basis for such a claim. This Agreement, including release, waiver and covenant not to sue, may and shall be pled as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or maintained in breach thereof. You also as part of this Agreement acknowledge that you will not make any disparaging remarks about Releasees. If you file a lawsuit, complaint or other claim asserting any claim or demand that is within the scope of the release and waiver, other than a charge of age discrimination or a lawsuit alleging a violation of the ADEA, Releasees, whether or not your claim is otherwise valid, shall be entitled to cancel any and all of its future obligations of this Agreement, and recoup 75% of the value of the monetary payment set out in Attachment A hereof if not prohibited by law, together with Releasees's cost and reasonable attorney's fees incurred in the enforcement of this Agreement. To the extent that any claim may be brought on your behalf by some other entity, you specifically waive any right to damages of any sort for all such claims.

7.      **Period for Review and Consideration of Release and Waiver of Claims** - You acknowledge receipt of the original version of this Agreement, including release and waiver of claims and covenant not to sue, and that you have been given 45 days to review and consider this Agreement, including the release and waiver of claims and covenant not to sue, before signing it. You further acknowledge that if you sign this Agreement prior to the end of the 45 day period, you have done so voluntarily.

8.      **Other Employees Affected** - This Agreement is being offered to you as part of a reduction in force. Attached as Attachment B to this Agreement is a list of the job titles and ages of all individuals selected for the reduction in force, and the ages of all individuals in the same organizational units who have not been selected for the reduction in force, as well as the eligibility requirements of said reduction in force.

9.      **Encouragement to Consult With an Attorney** - You acknowledge that you are encouraged, at your own expense, to consult with an attorney before signing this Agreement, including release and waiver of claims and covenant not to sue.

10.     **Right to Revoke Release and Waiver of Claims** - This agreement, including release and waiver of claims and covenant not to sue, will not be effective for a period of seven (7) days following the execution of this Agreement by you, during which time you may revoke this Agreement, including the release and waiver of claims and covenant not to sue. The Agreement will become effective and enforceable when the revocation period has expired. Revocation is effective by delivering a written notice of revocation to Colonial during the seven (7) day revocation period. If you revoke this Agreement, including the release and waiver of claims and covenant not to sue, the Agreement shall not be effective or enforceable, and you will not receive the payment(s) and/or benefits(s) described herein to which you are not otherwise entitled under the law, including, without limitation, the payment(s) described in Attachment A of the Agreement. Revocation of this Agreement will have no effect on the termination of your employment. In any event, you will not receive the pay as set forth in Attachment A until the effective date of this Agreement or your Termination Date, whichever is later. A revocation made pursuant to this Paragraph shall be effective only if it is in writing and it delivered to Colonial at the following address: Tara Gibson, Colonial Bank, 32 Commerce Street, Montgomery, Alabama 36104, in a manner reasonably calculated to provide you with proof of receipt and delivered at or prior to 5:00 PM on the seventh (7th) calendar day, or the first business day thereafter if that day is a Saturday, Sunday, or a day on which Colonial is not open for business, following execution of this Agreement by you.

11.     **Right to Re-Apply** – You are eligible to apply for employment with Employer in the future. You will need to contact the Human Resources Department concerning any interest in available positions and apply through the normal application process. In the event that you are re-hired by Colonial before the expiration of the payments outline in Attachment A, those payments will cease upon your re-employment with Colonial.

12. **Tax Consequences** - Upon your execution of this Agreement, you acknowledge that the severance pay as set forth in Attachment A will be paid in the normal biweekly pay cycles and will be subject to the normal taxes and deductions.

13. **Entire Agreement/Severability** - This Agreement, including release, waiver and covenant not to sue, contains all of the promises and covenants exchanged by the parties, and would not have been agreed upon but for the inclusion of such and every one of its conditions. The terms and conditions hereof constitute the entire agreement between Colonial and you and supersede all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between Colonial and you with respect to the subject matter hereof, and no contemporaneous or subsequent agreement or understanding modifying, varying or expanding this agreement shall be binding upon either party unless in writing and signed by a duly authorized representative of that party or, in the case of you, by you yourself. The release and waiver of claims and covenant not to sue set out in Paragraph 6 of this Agreement is an essential and material part of this Agreement. If paragraph 6 materially fails or is found unenforceable by a court of competent jurisdiction, the remaining portions hereof shall be deemed void, and if you bring any claim covered by Paragraph 6 you agree to return the payment(s) set forth in Attachment A to Colonial.

14. You and Colonial agree that the terms of this Agreement shall be governed by the laws of the State of Alabama except where federal law applies.

**I KNOWINGLY AND VOLUNTARILY CHOOSE TO ACCEPT THE TERMS OF THIS AGREEMENT IN CONNECTION WITH THE TERMINATION OF MY EMPLOYMENT.**

Dated: _____   _____
                          Name

Dated: _____   _____
                          Witness to signature of Name

Dated: _____   _____
                          Representative of Colonial

To be signed by Employee upon receipt of Agreement.

I hereby acknowledge that I received a copy of this Agreement on this the _____ day of _____, 2005, and was informed that I have up to forty-five (45) days from this date to consider it before signing, and I have been informed of my right to consult with an attorney.

_____
Susan H. Guy

## ATTACHMENT A

A.  **SEPARATION PAY**

You will be paid the equivalent of 320 hours pay as well as any accrued but unused vacation as consideration for this Agreement. These payments will be based on your base salary as of your last day of employment. These payments will be paid in the normal biweekly pay cycles and will be subject to the normal taxes and deductions. If you do not enter into this Agreement, you would not receive this additional pay. You will not be entitled to this pay until the expiration of the revocation period referred to in paragraph 10.

## ATTACHMENT B

A. The following is a list of the positions and ages of the individuals in the same organizational unit who have been affected by this reduction in force and who have been offered a severance package.

| DESCRIPTION | AGE |
|---|---|
| PRODUCT MANAGER | 56 |
| FAMILY INSURANCE MANAGER | 44 |

B. The following are persons in the same organizational unit, by age and position, who have not been offered a severance package as of this date.

None.

C. The eligibility requirements for the reduction in force program are as follows:

The Product Manager and Family Insurance Manager are eligible for the program. All persons being terminated in this reduction in force are selected for the program.