IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

SUSAN H. GUY                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        2:06-CV-00271-WKW
                                      )
COLONIAL BANK, et al.,                )
                                      )
        Defendants.                   )

**PLAINTIFF SUSAN H. GUY'S RESPONSE IN OPPOSITION TO DEFENDANTS
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Susan H. Guy to file her response in opposition to Defendants,

The Colonial Bancgroup, Inc. and Colonial Bank, N.A.'s Motion for Summary Judgment.

**RESPONSE**

Plaintiffs response is based on the pleadings filed in this action as well as accompanying

memorandums and exhibits submitted herewith that will demonstrate the genuine issues as to

material facts that warrant denial of defendants' motion for summary judgment.

Plaintiff submits to the court the following:

1.      On January 18, 2005, defendants violated Title VII of the Civil Rights Act of

        1964 and the Age Discrimination in Employment Act of 1967 by terminating

        plaintiff, without forewarning, after 19 years of service and assigning her position

        to a much younger, less experienced male, Sean Tesoro. Her position was re-titled

        to Sales and Service Manager and her duties assigned to Tesoro, as evidenced by

        the duties outlined and announced in Memorandum by Linda Green of January

        18, 2005. (Exhibit E)  It is notable that Tesoro was promoted to the position of

        Sales and Service Manager and not the position of Program Director or Product

Manager as defendants indicate in their motion for summary judgment. The defendants have been unable to establish legitimate reasons for their discriminatory actions and this difference in titles and associated position responsibilities serves as evidence that there are significant issues as to material facts and warrants a denial of the motions for summary judgment.

2.    On April 13, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the EEOC) and subsequently received a Notice of Rights Letter and EEOC Dismissal notice entitling plaintiff to pursue her charge of discrimination through the court.

3.    On March 24, 2006, plaintiff filed the instant action against defendants and will establish a *prima facie* case for each claim of discrimination According to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

4.    In opposition to defendants claim that 28 other positions were eliminated in addition to plaintiffs' position, plaintiff submits the Separation Agreement supplied to her on January 18, 2005 by Linda Green and Tara Gibson (attached Exhibit C) indicating two positions were affected as opposed to the alleged 28 claimed by the defendants. Plaintiff views this exaggeration as an attempt by defendants to include this discriminatory action as part of a reorganization plan that took place many months (8) later. Defendant's action on January 18, 2005 occurred without forewarning to plaintiff and included the termination of 3 other individuals who were all members of the protected class, women between the ages of 40 and 70, and all were replaced with younger males.

5.      Defendant, in attempting to establish qualifications for various positions based upon registration with the National Association of Securities Dealers (NASD) and subject to various NASD licenses (Series 6, Series 7, Series 63, Series 65, Series 24, etc) fails to acknowledge that defendants' standard practice allows employees to obtain necessary licenses while employed where a position requires certain licensing and the candidate for the position is lacking the appropriate license(s). Affidavit of former Wealth Management Director, Rana Sanders, (Exhibit B) acknowledges this to be standard practice. Defendants attempt to rely primarily on licensing issues as a basis to avoid responsibility for its discriminatory actions does not hold up. A review of the time frame that Tesoro obtained various NASD licenses will further support this standard practice. Additionally, it is noteworthy to point out that two of the four women terminated on January 18, 2005, Ann Fuller and Terri Meeves, held several NASD licenses, including the Series 7 license, and were qualified to perform sales and training duties for NASD licensed employees. Both, in former positions, had responsibility for selling and/or training regarding NASD regulated products. This fact negates the defendants' claim that NASD licensing was a true factor in this case.

6.      Defendants' attempt to offer profitability and productivity issues as a basis for its actions of January 18, 2005 do not hold up in view of defendants ranking in reports by industry analysts during the time plaintiff served as the Family Insurance Manager aka Platform and Insurance Director. Additionally, defendant's profitability and productivity claims fail in light of the results

reported in the Financial Planning Highlights reports where the areas under plaintiff's direction were responsible for significant income production for the Wealth Management division.  (Exhibit K and Exhibit J).

7.    For these reasons, as set out more fully in plaintiffs accompanying memorandum and exhibits, defendants are not entitled to summary judgment.

WHEREFORE, PREMISES CONSIDERED, plaintiff Susan H. Guy respectfully requests that the Court deny defendants, Colonial Bank, N.A. and The Colonial BancGroup, Inc. their request for summary judgment.

Done this the 20th day of September, 2006.

Susan H. Guy, Pro Se
974 Lewis Road
Deatsville, AL 36022